NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0186n.06

No. 13-2574

**FILED**
Mar 10, 2015
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff-Appellee,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀ON APPEAL FROM THE
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀UNITED STATES DISTRICT
MERZA MIZORI,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀COURT FOR THE WESTERN
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀DISTRICT OF MICHIGAN
⠀⠀⠀Defendant-Appellant.⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

BEFORE:⠀⠀⠀SILER, BATCHELDER, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. On May 13, 2013, Merza Mizori pled guilty to "knowingly and intentionally distribut[ing] over 28 grams of cocaine base . . . and aid[ing] and abet[ting] . . . [another] in the offense." In exchange for his guilty plea, the U.S. Attorney's Office agreed to dismiss the remaining 11 counts charged in the indictment. The written plea agreement, signed by Mizori, expressly provided that the dismissed charges could factor into the court's sentencing determination. Accordingly, at sentencing, the district court relied on all of the charges—including those that had been dismissed—as well as the drug quantity alleged for the entire conspiracy—472.28 grams—to calculate Mizori's base offense level. The district court then sentenced Mizori to 300 months' imprisonment, followed by five years of supervised release. On appeal, Mizori contends that: (1) he did not knowingly and intelligently enter into the plea agreement because he was not aware that the court could consider dismissed charges in

calculating his sentencing guidelines range; and (2) it was fundamentally unfair for the court to increase his sentence based on dismissed charges. Because the very terms of the plea agreement—an agreement signed by Mizori—specified that the court could consider dismissed charges at sentencing, and we have repeatedly held that dismissed charges may factor into a district court's sentencing determination, Mizori's conviction and sentence must be upheld.

On January 9, 2013, a grand jury returned a 42-count indictment against Merza Mizori and four co-defendants, charging Mizori with 12 counts related to conspiracy to distribute, possession with intent to distribute, and distribution of cocaine base and other illegal narcotics. On May 13, 2013, Mizori pled guilty to count 39, which charged him with "knowingly and intentionally distribut[ing] over 28 grams of cocaine base (crack cocaine) . . . and aid[ing] and abet[ting] [another] in this offense."

Pursuant to the terms of the written plea agreement, the U.S. Attorney's Office agreed to "move to dismiss the remaining [11] counts of the Indictment against [him] at the time of sentencing" in exchange for his guilty plea. Mizori, however, "agree[d] . . . that *in determining the sentence the Court may consider the dismissed charges* in determining the applicable range under the Guidelines, where the sentence should fall within the applicable Guidelines range, and the propriety of any departure from the calculated Guidelines range." (Emphasis added.) Mizori further waived his right to appeal the sentence imposed and the "manner in which the sentence was determined," unless the sentence exceeded the statutory maximum or was "based upon an unconstitutional factor, such as race, religion, national origin or gender." Mizori signed the plea agreement, acknowledging:

> I have read this Plea Agreement and carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this

Agreement. No promises or inducements have been made to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

At Mizori's change of plea hearing, the court explained the key aspects of the plea agreement. The court informed Mizori that a guilty plea to count 39 carried a maximum sentence of 40 years' imprisonment, with a mandatory minimum of five years' imprisonment, explained that in determining his sentence, the court would calculate an *advisory* sentencing guidelines range, and discussed the consequences of the appellate waiver provision. In response to the court's questions, Mizori stated that he had had "ample opportunity" to discuss his case and "the ramifications of the plea agreement" with his attorney and that he was satisfied with his attorney's work and representation. Once satisfied that Mizori had sufficiently pled the facts of the crime, and that his plea had been given "freely and voluntarily," the court accepted Mizori's plea.

At Mizori's sentencing hearing, the court considered the dismissed charges and applied several enhancements related to his involvement in the drug distribution conspiracy, a conspiracy that included his crime of conviction. Because Mizori was a manager or supervisor of the conspiracy, the court also calculated his base offense level based on the distribution of 472.8 grams of cocaine base—the drug quantity alleged for the entire conspiracy. After determining that the advisory guidelines range was 292 to 365 months' imprisonment, the court sentenced Mizori to 300 months' imprisonment, followed by five years of supervised release. On appeal, Mizori contests the validity of his plea agreement, claiming that it was not entered into knowingly and intelligently because he did not know that the dismissed charges could enhance his sentencing guidelines range. Mizori also contends that consideration of the dismissed charges at sentencing was "fundamentally unfair."

Mizori's plea is valid because it was entered into knowingly, intelligently and voluntarily, the three factors required under *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). Though Mizori now contends that his plea was not entered into knowingly and intelligently because he did not understand that the court could consider dismissed charges at sentencing, the terms of the written plea agreement demonstrate otherwise. Immediately after agreeing to "move to dismiss the remaining counts of the Indictment . . . at the time of sentencing," the U.S. Attorney's Office explicitly and unambiguously informed Mizori that the court could consider such counts in determining his sentence. Mizori agreed "that *in determining the sentence the Court may consider the dismissed charges* in determining the applicable range under the Guidelines, where the sentence should fall within the applicable Guidelines range, and the propriety of any departure from the calculated Guidelines range." (Emphasis added.) Further, in signing the agreement, Mizori acknowledged that he had "read th[e] Plea Agreement and carefully discussed every part of it with [his] attorney," including "the consequences of entering into [it]." Because any reasonable person, having read the dismissed counts provision, would understand that the court could consider dismissed charges at sentencing, Mizori cannot now claim that his plea was invalid simply because he did not understand the provision. "Plea agreements are contractual in nature, and . . . courts are guided by general principles of contract interpretation when construing [them]." *United States v. Moncivais*, 492 F.3d 652, 662 (6th Cir. 2007). The "determinative factor in interpreting a plea agreement is not the parties' actual understanding of the terms of the agreement," but rather how "a reasonable person would interpret its words." *Id.* at 663.

Despite Mizori's contentions in his Reply brief, the fact that the court did not discuss the dismissed conduct provision at the sentencing hearing does not render an unambiguous provision

invalid. Though the court has the duty to "inform the defendant of, and determine that the defendant understands," the enumerated aspects of his plea agreement, Fed. R. Crim. P. 11(b)(1), neither Rule 11 nor our court's precedents required the court to discuss how Mizori's dismissed counts could factor into the court's sentencing determination.

Because a review of the change of plea hearing transcript reveals that the court met its Rule 11 obligations and ensured that Mizori understood the key aspects of his agreement, the court correctly determined that Mizori's plea was knowing and intelligent. The court informed Mizori that a guilty plea carried a maximum sentence of 40 years' imprisonment, with a mandatory minimum of five years' imprisonment, and discussed the consequences of an appellate waiver provision. The court also stressed that the calculated sentencing guidelines range would be advisory, explained that he could "go above them, . . . below them, or . . . stay within" them, and ensured that no one had predicted what Mizori's sentence might be. Further, in response to the court's questions, Mizori stated that he had had "ample opportunity" to discuss his case and "the ramifications of the plea agreement" with his attorney. Thus, the record before us supports the conclusion that Mizori's plea was knowingly and intelligently made.

Mizori also appears to argue that trial counsel was ineffective because he failed to clarify, during the sentencing hearing, how the dismissed charges could affect the court's sentencing determination. We do not reach this argument. Review of ineffective assistance of counsel claims is not preferred on direct appeal, Mizori presents no evidence regarding what advice he did (or did not) receive from his attorney before the hearing, and such facts are more appropriately developed at the district court level. "The more preferable route for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C.

§ 2255, whereby the parties can develop an adequate record." *United States v. Valdez*, 362 F.3d 903, 913−14 (6th Cir. 2004) (internal quotations and citation omitted).

Mizori's challenges to the use of the dismissed charges at sentencing—charges dismissed in exchange for his guilty plea—are meritless because he waived his right to appeal. "When a defendant waives his right to appeal his sentence in a valid plea agreement, this Court is bound by that agreement and will not review the sentence except in limited circumstances." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003) (internal quotations and citation omitted). Pursuant to the terms of Mizori's plea agreement, Mizori waived his right to appeal the sentence imposed and the "manner in which the sentence was determined," unless the sentence exceeded the statutory maximum or was "based upon an unconstitutional factor, such as race, religion, national origin or gender." Mizori attempts to frame his challenges to the use of dismissed charges in such a way as to undermine the validity of the plea agreement itself—suggesting, for instance, that the use of such charges at sentencing violates basic notions of due process and fairness in the limited circumstance that a defendant "ple[ads] guilty in exchange for the dismissal of those same counts." In actuality, however, Mizori's claims attack the "manner in which the sentence was determined," by challenging the court's use of dismissed charges in calculating his sentencing guidelines range. Mizori expressly waived his right to raise such an argument on appeal under the terms of the plea agreement. Because there is nothing in the record to suggest that Mizori misunderstood the scope of his waiver of appellate rights, and the court complied with the Federal Rules of Criminal Procedure, Rule 11(b)(1)(N) by informing Mizori of the appellate waiver provision and ensuring that he understood it, Mizori cannot challenge the use of dismissed charges at sentencing on appeal.

Further, even if we were to consider the merits of Mizori's challenges to the use of dismissed charges, his claims fail. We have repeatedly held that a court may consider dismissed and acquitted conduct at sentencing when "selecting a sentence within [the prescribed] statutory range." *United States v. White*, 551 F.3d 381, 385 (6th Cir. 2008). We have permitted not only a court's consideration of acquitted conduct, *id.*, but also consideration of dismissed charges in calculating drug quantity, *United States v. McDowell*, 902 F.2d 451, 456 (6th Cir. 1990) (Jones, J., concurring in part and dissenting in part), and in determining whether to depart from the guidelines range, *United States v. Cross*, 121 F.3d 234, 241 (6th Cir. 1997). Moreover, because the U.S. Attorney's Office informed Mizori in the written plea agreement that dismissed counts could be considered at sentencing, there was nothing inherently unfair about the court's consideration of such charges. As we have explained, use of dismissed charges "would be unfair only if the defendant did not know when he entered the plea that the court could penalize him on the basis of [such conduct]." *Id.* at 242.

The judgment of the district court is affirmed.